*Denny*
*v.*
*Eddy.*

## JAMES C. FAIRBANK *et al. versus* SAMUEL PHELPS.

A sale was made of a wagon upon the condition, that the vendee should take it and use it, and whenever he paid the purchase money, it should become his property, but that if he did not pay for it he should pay for the use of it ; and it was accordingly delivered to him. It was *held*, that he became lessee thereof, by virtue of such contract, with the right of possession until the wagon or the purchase money should be demanded ; and that, consequently, the owner could not, before such a demand should have been made, maintain trover against an officer who had attached and sold the wagon on execution as the property of the vendee.

Where in such case, the vendor, subsequently to the sale, demanded payment of the purchase money, but accepted a portion thereof in part payment, it was *held*, that he thereby impliedly waived his demand for any further payment at the time, and confirmed the sale subject to the condition.

TROVER for the value of a wagon.

The trial was in the Court of Common Pleas, before *Strong* J.

It appeared, that in the spring of 1836, Potter & Allen, who were the original owners of the wagon, sold it to Roderick Shewbrooks, upon the condition that Shewbrooks should

take it and use it, and whenever he should pay the sum of $80, the wagon should become his property, but that if he did not pay for it, he should pay for the use of it; that no time of payment was agreed upon; that the wagon was accordingly delivered to Shewbrooks and used by him; that in August of the same year, Potter demanded payment for the wagon; that Shewbrooks being unable to pay the whole of the purchase money, Potter requested him to pay the sum of $20, which was accordingly done; that the sum so paid was less than the worth of the use of the wagon by Shewbrooks before that time; and that, subsequently, on the 10th of November, 1836, the wagon was attached as the property of Shewbrooks, by the defendant, who was a deputy sheriff.

It further appeared, that on November 18, 1836, Potter & Allen assigned all their property to the plaintiffs, for the benefit of their creditors, but that it was not specified in the deed of assignment or in any schedule exhibited, that the wagon was assigned with the rest of the property; that immediately on the execution of the deed of assignment, actual possession was delivered to the plaintiffs, of the property of Potter & Allen, so far as it could be conveniently reached; but that the wagon, being at a distant place, in the custody of the defendant who had attached it, no delivery of that was made, except by the delivery, generally, of the property embraced in the assignment; that no demand of the wagon had ever been made either on Shewbrooks or the defendant; and that several days after the execution and delivery of the deed of assignment, the defendant sold the wagon as the property of Shewbrooks, upon an execution issued against him.

The defendant contended, among other things, that there was not such a delivery proved as would enable the plaintiffs to maintain trover; that Shewbrooks had the exclusive right of possession by the contract, until it was rescinded by a demand of the wagon; that the demand of payment by Potter was not such a rescinding of the contract; and that the taking by the defendant was not tortious against the plaintiffs or their assignors, as Shewbrooks's right of possession continued at the time of the attachment, either as lessee or conditional purchaser.

Fairbank
*v.*
Phelps.

The plaintiffs contended, that they had the right of possession of the wagon, at the time of the sale on execution, and that this action could be maintained although they never had actual possession.

The judge ruled, that no demand of the wagon, either upon Shewbrooks or the defendant, was necessary to maintain the action, the sale by the defendant being a conversion ; that the right of property passed by the assignment ; that the right of possession was made absolute by the demand of payment made by Potter, and also passed by the assignment ; and that no delivery was necessary, as against a tortfeasor, or if it was, that the delivery was sufficient.

A verdict was returned for the plaintiffs by agreement ; and the defendant excepted to the ruling of the judge.

Oct. 3d.

*Washburn* and *Stebbins*, for the defendant, to the point, that the conditional sale to Shewbrooks operated as a lease at will to him, and that the plaintiffs, as assignees of Potter & Allen, could not maintain trover for the wagon, until they had acquired the right to immediate possession by demanding the property and thus terminating the lease, cited Roscoe on Evid. 332, 402 ; *Wheeler* v. *Train*, 3 Pick. 258 ; *Keay* v. *Goodwin*, 16 Mass. R. 4 ; *Rising* v. *Stannard*, 17 Mass. R. 288 ; *Smith* v. *Plomer*, 15 East, 607 ; *Reed* v. *Upton*, 10 Pick. 522 ; *Ayer* v. *Bartlett*, 9 Pick. 156.

*C. Allen*, for the plaintiffs. In order to sustain an action of trover, it is necessary that the plaintiffs should have the right of property and the right of immediate possession, and that there should have been a wrongful conversion by the defendant. Now the plaintiffs have the right of property, notwithstanding the delivery to Shewbrooks, as the contract remained executory. But then it is contended, that they have not the right of immediate possession, because the wagon was leased to Shewbrooks. The wagon was not leased to Shewbrooks for a fixed time ; and his right of possession was terminated by his failure to comply with the demand of payment made by Potter. *Walcot* v. *Pomeroy*, 2 Pick. 122 ; 2 Saund. on Pl. & Evid. 869 ; *Cooper* v. *Chitty*, 1 Burr. 20 ; *Smith* v. *Milles*, 1 T. R. 175. The right of property draws after it the possession ; and he who has the right of property may maintain trover, although

he has never had the actual possession. 3 Stark. on Evid, 1488; *Wilbraham* v. *Snow*, 2 Wms's Saund. 47 *a*, note. Potter did not waive his demand by the acceptance of the sum of $ 20, that being no more than the use of the wagon was worth.

*Oct.* 22*d*,    WILDE J. drew up the opinion of the Court.   On the exceptions to the instructions of the judge at the trial, two objections have been made to the plaintiffs' right of action : 1. That no right of property in the wagon passed by the assignment to the plaintiffs, as against third persons, as there was no delivery, actual or constructive ; and 2. That if the property did pass, the plaintiffs have no right of possession.

That to maintain trover the plaintiff must have a right of possession as well as a right of property, is a well established rule of law.   It was so decided in *Gordon* v. *Harper*, 7 T. R. 9 ; *Smith* v. *Plomer*, 15 East, 607 ; *Wheeler* v. *Train*, 3 Pick. 258 ; *Ayer* v. *Bartlett*, 9 Pick. 156.   In *Gordon* v. *Harper,* goods had been leased as furniture, with a house, and had been wrongfully taken by the sheriff; and it was decided, that the landlord could not maintain trover against the sheriff, pending the lease, because to maintain such an action he must have the right of possession, as well as the right of property, at the time.

The same rule of law was laid down by Lord *Ellenborough* in *Smith* v. *Plomer*.   In that case it appeared, that the goods had been let to hire, not for any precise time, nor for any certain sum.   And it was held, that it made no difference, whether the hiring were for a time certain, or so long as the parties pleased ; for until the contract in the latter case were terminat ed, the property would be out of the person letting it, for the time ; and that a notice to determine the contract given to the sheriff's officer, who took the property as the property of the husband of the person to whom it was let, and not to the other contracting party, was not sufficient for that purpose.

The case of *Wheeler* v. *Train,* was an action of replevin ; and it was laid down as a well settled principle of law, that in replevin, as well as trover, the plaintiff, to maintain his action, must show a right of possession as well as a right of property.

The case of *Ayer* v. *Bartlett*, was in all respects very similar to the case under consideration. In that action it appeared, that there had been a conditional sale by the plaintiff to one Scholfield, and certain notes were given as the consideration ; and it was agreed, that so long as Scholfield continued to pay the notes as they became due, he should have the possession of the property. Before the first note became due, the property was attached on a writ against him, and it was held on these facts, that the plaintiff could not maintain trover against the sheriff, unless the contract were rescinded. It was held also, that the taking of the property by the sheriff did not determine the contract of letting and Scholfield's right of possession, as the proceedings of his creditors and the sheriff were *in invitum* ; but that if he had undertaken to sell or dispose of the property, such conduct would have been unlawful, and might have been considered as a putting an end to the contract on his part.

The principles of law established by these cases, (and more might be added recognizing the same principles,) we consider decisive of the present action. By the terms of the contract, Shewbrooks was to take the wagon and use it, and whenever he paid to Potter & Allen $ 80, the wagon was to become his. This was a letting of the wagon for an indeterminate time ; and until the purchase money or the wagon were demanded, he continued to have the right of possession ; and if, upon such a demand, he should pay the rest of the price, the property would immediately vest in him absolutely. From the report of the evidence it appears, that no demand of the wagon has been made, nor any demand of the purchase money, with the view of terminating the contract. It is true, that Potter requested Shewbrooks to pay the price agreed, but this request was complied with in part, and Potter, by accepting part payment, impliedly waived his request for any further payment at the time, and confirmed the sale subject to the condition. If he had intended to terminate the contract of sale, he would have declined receiving any part of the price, and would have insisted on the restoration of the wagon. Considering these circumstances, we are of opinion, that the request of payment by Potter did not operate so as to rescind the contract as to

Fairbank
v.
Phelps.

the use of the wagon, and the possession of Shewbrooks con-
tinued to be lawful; and, consequently, that the plaintiffs
have no right of possession, whatever may be their right of
propeity, and that this action cannot be maintained. This
being the opinion of the Court, it is unnecessary to consider
the other objection as to the plaintiffs' right of property.

*Judgment of the Court of Common Pleas reversed, and a
new trial granted in that court.*